IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| QUINDARRIUS TARRANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-171-WHA-JTA |
| | ) | [WO] |
| BRANDON WOOTEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Quindarrius Tarrance ("Tarrance"), an inmate incarcerated at the Autauga Metro Jail in Prattville, Alabama, brings this 42 U.S.C. § 1983 action against attorney Brandon Wooten and the Honorable Sibley Reynolds. He seeks to challenge the constitutionality of his state court criminal proceedings before the Circuit Court for Autauga County, Alabama.  For relief, Tarrance requests a split sentence, an appeal of his criminal conviction, or dismissal of his case. Alternatively, Tarrance seeks a change of venue from the tri-county area of Autauga, Elmore, and Chilton Counties because the same judges preside in those three jurisdictions. *See* Doc. No. 1. After review of the Complaint, the undersigned RECOMMENDS this case be DISMISSED, as set forth below.

## II. STANDARD OF REVIEW

Because the Court granted Tarrance leave to proceed *in forma pauperis* (*see* Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) which requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The Court may also dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B), or any portion of the Complaint (*see* 28 U.S.C. § 1915A(b)), for failure to state a claim upon which relief may be granted. To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the

2

absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

### III. DISCUSSION

#### A. Judge Sibley Reynolds

Tarrance names as a defendant Sibley Reynolds. Judge Reynolds is a Circuit Court Judge for the Nineteenth Judicial Circuit Court of Alabama which consists of Autauga, Elmore, and Chilton Counties. Tarrance challenges the actions of Judge Reynolds claiming he: (1) allowed Tarrance's attorney—Brandon Wooten—to violate standards of ethics in the courtroom (2) granted motions in open court (3) failed to abide by his own orders and (4) allowed the State to withdraw its intent to seek the death penalty but allowed that possibility to remain "on the table" to give the State leverage to obtain a "higher plea bargain" from Tarrance. Doc. No. 1 at 2–3. Review of the Complaint makes clear that Tarrance's allegations against Judge Reynolds arise from actions taken in his role as a judge over Tarrance's state court criminal proceedings before the Circuit Court for Autauga County, Alabama.

Judicial immunity is immunity from suit, not just from the ultimate assessment of

damages, and it applies when the judge's action was in error, was done maliciously, or was taken in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotations and citation omitted); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). (holding that judicial immunity is not overcome by allegations of bad faith or malice). Immunity may be overcome only if a judge did not act within his judicial capacity or if his actions were taken in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57. The "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted). This immunity applies in § 1983 proceedings. *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985).

A court may dismiss a complaint as frivolous under § 1915 if an affirmative defense, such as absolute immunity, would defeat the action. *Clark*, 915 F.2d at 640 n.2 (*citing Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (holding that parole board members are entitled to absolute quasi-judicial immunity from suit for damages)). Here, none of Tarrance's allegations against Judge Reynolds reflect they were performed outside of ordinary judicial functions, but rather, indicate the judge's alleged actions were taken as part of normal state court proceedings in relation to a case before him and do not support the implicit assertion that the judge did not act within his judicial capacity or that his actions were taken in the complete absence of all jurisdiction. *See Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that, because judge's actions were taken in his judicial capacity and he did not act in the absence of all jurisdiction by altering minutes of a sentencing hearing after the hearing, he was entitled to absolute judicial immunity); *Stump*, 435 U.S. at 356 (holding that judge was entitled to

4

immunity where he was not acting in the clear absence of all jurisdiction, even if plaintiff alleges the action was erroneous, malicious, or without authority).

While Tarrance does not seek damages on his claims against Judge Reynolds, notably, judges also receive protection from requests for declaratory and injunctive relief. *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable. In addition, there must also be an 'absence of an adequate remedy at law.'" *Id*. (*citing* 42 U.S.C. § 1983; *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam)).

In *Nestor v. Day*, 2021 WL 3617418 (M.D. Fla. Aug. 16, 2021), Nestor requested only declaratory and injunctive relief against the defendant judge perhaps recognizing that judges defending against § 1983 actions have absolute immunity from damages for acts performed in their judicial capacities. In determining whether judicial immunity applied, the court stated:

> Plaintiff's attempts to confine his requested relief to declaratory and injunctive relief against [the defendant judge] do not save his cause. Although both declaratory and prospective injunctive relief may be available in § 1983 actions even where judicial immunity would otherwise bar a claim, they are improper to redress Plaintiff's claims against [the defendant judge] here. Simply because these types of relief are available does not mean they are appropriate. "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). . . . Moreover, in order to receive declaratory or injunctive relief against a judicial officer, "there must be an inadequate remedy at law . . . [and a] state appellate process is an adequate remedy at law." *Tarver*, 808 F. App'x at 754.

5

*Nestor*, 2021 WL 3617418, at *9. Because Nestor did not allege that the defendant judge violated a declaratory decree and because Nestor could have appealed the decision at issue to a state appellate court, the court in *Nestor* determined that judicial immunity barred the plaintiff's claims.

Similarly, in the instant action, Tarrance's requests for declaratory and injunctive relief are improper because there is no suggestion that Judge Reynolds violated a declaratory decree, and Tarrance's ability to appeal the challenged rulings and decisions to an appropriate higher court provides him an adequate remedy at law. *See Tarver*, 808 F. App'x at 754. Additionally, to the extent the claims presented by Tarrance challenge the constitutionality of orders issued by Judge Reynolds which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S. Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Tarrance from proceeding before this Court as this case, with respect to any claims challenging final orders issued by a state court, is " 'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments.' 544 U.S. at 284, 125 S. Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S. Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

For these reasons, Judge Reynolds has absolute immunity from Tarrance's claims for declaratory and injunctive relief. Because the affirmative defense of absolute judicial immunity defeats Tarrance's claims, regardless of the relief he seeks, his claims against Judge Reynolds are due to be dismissed under § 1915(e)(2)(B)(i & iii). *Clark*, 915 F.2d at 640 n.2; *see also Pugh v. Balish*, 564 F. App'x 1010, 1011–13 (11th Cir. 2014) (affirming frivolity dismissal of plaintiff's claims and noting, "[w]here judge is immune from suit, an action against the judge may be subject to dismissal on frivolity grounds, as the action is completely without a legal basis").

### B.     Brandon Wooten, Esq.

Tarrance brings suit against Brandon Wooten, his court-appointed attorney,[1] challenging the constitutionality of the representation he provided during Tarrance's state

---

[1] In his Complaint, Tarrance states he retained Wooten to represent him in 2017, but Wooten withdrew his representation a month before Tarrance was indicted. Doc. No. 1 at 2. Later, in 2019,

7

court criminal proceedings. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993); *Harvey v. Harvey,* 949 F.2d 1127 (11th Cir. 1992). To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *American Manufacturers*, 526 U.S. at 50 (internal quotation marks omitted). Criminal defense counsel, however, whether retained or court-appointed, is not deemed to be a person who acts under color of state law in a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Rather, court-appointed, criminal defense counsel is viewed as carrying out the traditional functions of a lawyer representing a criminal defendant, which previously was a private function fulfilled by retained counsel. *Dodson*, 454 U.S. at 319, 325. "Except for the source

---

Wooten appeared in court and informed Judge Reynolds he would represent Tarrance even though, Tarrance claims, he had not filed an affidavit of financial hardship. Doc. No. 1 at 3. The undersigned takes judicial notice of Tarrance's criminal case's consolidated case action summary (*State of Alabama v. Tarrance,* CC-2019-000349) on the Alabama Trial Court System (hosted at www.alacourt.com), which reflects Wooten is Tarrance's court-appointed counsel. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (observing that "[w]e take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201).

of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client." *Id*. at 318.

Because Wooten was not acting under color of state law, Tarrance's § 1983 claims against him lack an arguable basis in law. The claims are therefore subject to summary dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 327.

### C.     Challenges to the Conviction[2]

To the extent the claims presented by Tarrance go the fundamental legality of his recent conviction pursuant to his guilty plea to felony murder in the Circuit Court for Autauga County—including but not limited to his claims of ineffective assistance of trial counsel and the voluntariness of his guilty plea—he is entitled to no relief on these claims in this civil action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id.* 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id*. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment,

---

[2] The record of Tarrance's criminal court proceedings in *State v. Tarrance,* CC-2019-000349 (available at www.alacourt.com) reflect he entered a guilty plea to felony murder on April 8, 2022, in the Circuit Court for Autauga County. Sentencing is scheduled for May 26, 2022.

injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). "Later, in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence] )—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id*. at 81–82, 125 S. Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (emphasis in original). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48).

In addition, "habeas corpus is the exclusive remedy for a state prisoner who" raises claims which undermine the validity of a current conviction, "even though such [ ] claim[s] may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (acknowledging that the "sole remedy in federal court" for a prisoner who presents challenges which necessarily go to the constitutionality of a state court conviction is a petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490 (noting *Heck* holds that a state inmate "making a collateral attack on his conviction ... may not do that in a civil suit, other

10

than a suit under the habeas corpus statute."). Consequently, an inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claims which challenge the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Tarrance's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to present claims which by their very nature mount a collateral attack on the validity of his conviction. *Heck*, 512 U.S. at 489 (explaining that "[w]e do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the [challenged] conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). As a result, the claims presented by Tarrance which necessarily challenge the constitutionality of his conviction are not cognizable in this civil action. It is clear from

11

the Complaint and relevant state court records that Tarrance's conviction for felony murder has not been invalidated in an appropriate proceeding. Consequently, those claims presented in the Complaint attacking the fundamental legality of that conviction provide no basis for relief at this time and are subject to summary dismissal under 28 U.S.C § 1915(e)(2)(B)(ii).[3]

## IV.    CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS the following:

1. Plaintiff's 42 U.S.C. § 1983 claims against Judge Sibley Reynolds be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. Plaintiff's 42 U.S.C. § 1983 claims against Brandon Wooten be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

3.  Plaintiff's claims which go to the fundamental legality of the conviction on which he is currently incarcerated be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims provide no basis for relief at this time in the instant cause of action.

---

[3] Tarrance is advised that any federal habeas petition he files is subject to the statutory procedural limitations imposed upon such petitions, i.e., the exhaustion of state court remedies, the one-year limitation period and the successive petition bar. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]"); 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

4.  This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i–iii).

It is ORDERED that **by May 17, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 2nd day of May, 2022.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE